**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Christopher Atwood, *et al.*,

    Plaintiffs,                                              Case No. 1:16cv593

    v.                                                       Judge Michael R. Barrett

UC Health, *et al.*,

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Motions for Summary Judgment filed by Defendants Abubakar Atiq Durrani, MD and Center for Advanced Spine Technologies, Inc. (Docs. 93, 94, 95, 96, 97, 98, 99, 100, 101, 102). Plaintiffs have filed Responses thereto (Docs. 112, 106, 113, 115, 116, 114, 105, 108) and Defendants filed Replies (Docs. 134, 124, 122, 132, 112, 129, 131, 127, 121, 133, 123).

On July 18, 2017, Defendants Abubakar Atiq Durrani, MD and Center for Advanced Spine Technologies, Inc. filed Amended Motions for Summary Judgment regarding the claims of Plaintiff Carol Ross to clarify the dates of surgeries. (Doc. 103). Plaintiffs filed a Response (Doc. 111) and Defendants filed a Reply (Doc. 134).

Also before the Court is Defendants UC Health and West Chester Hospital, LLC's Motion for Judgment on the Pleadings on all Claims against all Plaintiffs except Carol Ross. (Doc. 104). Plaintiffs filed a Response (Doc. 125) and Defendants filed a Reply (Doc. 119). Defendants UC Health and West Chester Hospital, LLC also filed a Motion for Partial Judgment on the Pleadings as to Plaintiff Carol Ross. (Doc. 235). Plaintiffs filed a Response (Doc. 251) and Defendants filed a Reply (Doc. 271).

Related to these Motions is Defendants UC Health and West Chester Hospital, LLC's Conditional Motion for an Order Certifying State Law Question to the Supreme Court of Ohio. (Doc. 250). Defendants Abubakar Atiq Durrani, MD and Center for Advanced Spine Technologies, Inc. have joined in this Motion. (Doc. 262). Plaintiffs filed a Response (Doc. 251) and Defendants filed a Reply (Doc. 271).

## I. BACKGROUND

Plaintiffs are the former patients or the spouses of former patients of Defendant Dr. Abubakar Atiq Durrani. Dr. Durrani performed surgeries on these patients at Defendant UC Health's West Chester Hospital. Plaintiffs have brought claims against Defendants for negligence; battery; lack of informed consent; intentional infliction of emotional distress; fraud; spoliation of evidence; vicarious liability; negligent credentialing, hiring, retention and supervision; violation of the Ohio Consumer Sales Practices Act ("OCSPA"); and violation of Ohio Revised Code § 2923.32.

Plaintiffs' claims were initially filed in the Butler County Court of Common Pleas. The parties agree on the date of the most recent surgery for each Plaintiff, and the last office visit for each Plaintiff and date of initial filing in Butler County Court of Common Pleas:

> **Carol Ross**: last surgery on December 7, 2012; last office visit on April of 2013; lawsuit filed on July 24, 2013 in Butler County Court of Common Pleas.
>
> **Christopher Atwood**: last surgery on September 22, 2010; last office visit on November 13, 2010; lawsuit filed on May 9, 2014 in Butler County Court of Common Pleas.
>
> **Michael and Diane Sander**: last surgery on December 13, 2010; last office visit at the end of December, 2010; initial lawsuit filed on May 19, 2014 in Butler County Court of Common Pleas.

**Paul Markesberry**: last surgery on October 4, 2010; last office visit in April of 2011; initial lawsuit filed on January 21, 2014 in Butler County Court of Common Pleas.

**Richard Stanfield**: last surgery on August 13, 2010; last office visit September 18, 2012; initial lawsuit filed on May 28, 2014 in Butler County Court of Common Pleas.

**Hiram and Dan McCauley**: last surgery on October 4, 2010; last office visit on November 1, 2011; initial lawsuit filed on May 28, 2014 in Butler County Court of Common Pleas.

**Jennifer Hickey**: last surgery on October 1, 2010; last office visit on March 29, 2012; initial lawsuit filed on April 15, 2013 in Butler County Court of Common Pleas.

**Rebekah Brady**: last surgery on August 27, 2010; last office visit in September of 2011; initial lawsuit filed on February 27, 2014 in Butler County Court of Common Pleas.

**David and Nancy Shemport**: last surgery on September 10, 2010; last office visit on September 13, 2011; initial lawsuit filed on June 11, 2014 in Butler County Court of Common Pleas.

**Robert and Melanie Houghton**: last surgery on August 23, 2010; last office visit on October 6, 2011; initial lawsuit filed on January 31, 2014 in the Butler County Court of Common Pleas.

On November 25, 2015, Plaintiffs voluntarily dismissed the cases filed in the Butler County Court of Common Pleas. These lawsuits were then re-filed in the Hamilton County Court of Common Pleas on May 2, 2016. The cases were removed to this Court on May 31, 2016.

There is no dispute that Plaintiffs' claims were filed within the time limits set forth in the applicable statute of limitations. Instead, Defendants maintain that Plaintiffs' claims are barred by Ohio Revised Code § 2305.113, which is Ohio's statute of repose for medical malpractice actions.

## II. ANALYSIS

### A. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B. Motion for Judgment on the Pleadings Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

### C. Statute of repose

A statute of repose bars "any suit that is brought after a specified time since the defendant acted . . . even if this period ends before the plaintiff has suffered a resulting injury." *Antoon v. Cleveland Clinic Found.*, 148 Ohio St. 3d 483, 486-87, 71 N.E.3d 974,

978 (Ohio 2016) (quoting Black's Law Dictionary 1637 (10th Ed. 2014)).

The Seventh Circuit Court of Appeals has explained the genesis of the statute of repose in state law:

> In the early 1970s, states perceived a medical malpractice insurance crisis stemming from insurance companies' reluctance to write medical malpractice policies and the high premiums of policies issued. The crisis derived in part from increased use of the "discovery rule" in the late 1960s. The discovery rule provides that a cause of action does not accrue, and thus a statute of limitations does not begin running, until a plaintiff knows or should know of his injury. Under the discovery rule, a plaintiff might not discover an injury for many years. The potential for such "long tail" liability reduces an insurance company's ability to predict future liabilities. Therefore, as part of the solution to the crisis, Illinois and many other states placed an outside limit on the discovery rule in medical malpractice cases. The outer limit is created by a statute of repose.
>
> . . . The statutes of repose found in Section 212—and probably all statutes of repose, are surgical strikes by the legislature against the discovery rule. . . . As such, the statute of repose in Section 212(b) embodies two essential and related purposes: to prevent indefinite potential liability for a particular act or omission (to abolish "long tail" liability), and second, to afford defendants (and insurance companies) greater certainty in predicting potential liability.

*Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 301-302 (7th Cir. 1996) (citations omitted).

In its current version, Ohio's statute of repose for medical actions provides:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
>
> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

Ohio Rev. Code § 2305.113(C). Under Ohio Revised Code § 2305.113(D), those who

discover the injury in the fourth year after the alleged negligent act or omission have an additional year to file suit, and those with a foreign object left in their bodies have one year to sue from the time that a person exercising reasonable care and diligence should have discovered it. The statute defines a medical claim as:

> any claim that is asserted in any civil action against a physician, . . . [or] hospital . . . that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:
>
> (a) Derivative claims for relief that arise from the plan of care, medical diagnosis, or treatment of a person;
>
> (b) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and to which either of the following applies:
>
> (i) The claim results from acts or omissions in providing medical care.
>
> (ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

Ohio Rev. Code § 2305.113(E)(3).

In state court proceedings brought by other patients bringing claims against these same Defendants, the First District Court of Appeals determined that similar claims for negligence, negligent credentialing and retention, loss of consortium, fraud, products liability, and violations of the Ohio Consumer Sales Practices Act were "medical claims" subject to Ohio's statute of repose. *Young v. Durrani*, 61 N.E.3d 34, 41-42 (Ohio Ct. App. 2016). The court concluded that the claims were barred by the statute of repose. *Id.* at 44.

Defendants assert Plaintiffs' claims in this case are also barred by the statute of repose because the May 2, 2016 refiling of the cases is beyond the four-year period.

Defendants rely heavily on Ohio Supreme Court cases *Ruther v. Kaiser*, 134 Ohio St.3d 408, 983 N.E.2d 291 (Ohio 2012) and *Antoon v. Cleveland Clinic Found.*, 148 Ohio

6

St. 3d 483, 71 N.E.3d 974 (Ohio 2016).

In *Ruther*, the Ohio Supreme Court addressed a challenge to the constitutionality of Ohio's statue of repose for medical claims. In upholding the constitutionality of the statute, the court held that § 2305.113(C) "does not bar a vested cause of action, but prevents a cause of action from vesting more than four years after the breach of the duty of care." 983 N.E.2d at 296. The court explained that a medical malpractice claim vests "when a patient discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury." *Id*. at 295.

In *Antoon*, the Ohio Supreme Court reiterated that § 2305.113(C) is "a true statute of repose" and "[i]f a lawsuit bringing a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action on that claim is barred." 71 N.E.3d at 981. The plaintiffs in *Antoon* had timely filed a complaint in Cuyahoga County Common Pleas Court in 2010 alleging medical malpractice and derivative claims. *Id*. at 977. Approximately a year later, the plaintiffs dismissed the claims without prejudice. *Id*. While the state court case was pending and thereafter, the plaintiffs filed a number of *pro se* actions in federal court or with federal agencies. *Id*. The federal claims were eventually dismissed. *Id*. On November 14, 2013, the plaintiffs refiled their complaint in the Cuyahoga County Court of Common Pleas, again alleging medical malpractice. *Id*. The defendant argued § 2305.113(C) applied to the plaintiffs' claims, which accrued and vested within the four-year statute-of-repose period. *Id*. at 981.

The Ohio Supreme Court found that the filing and subsequent dismissal of the initial claim did not indefinitely suspend the statute of repose by "commencing" the suit on

7

the date of the first filing. *Id.* The court explained "once a complaint has been dismissed without prejudice, legally, that action is deemed to never have existed." *Id.* (citing *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959)). The court explained:

> Accordingly, in this case, no action on the medical-malpractice claims "commenced" until the second state-court complaint was filed in November 2013. By that time, more than four years had passed since the act or omission constituting the alleged basis of the medical claim. Because the action was plainly commenced outside the four-year statute-of-repose period, the trial court correctly granted the Clinic's motion to dismiss.

*Id.* In reaching this result, the Ohio Supreme Court clarified that the statute of repose applies to vested as well as non-vested actions. *Id.* at 983. However, the Ohio Supreme Court specifically stated that it was not deciding the impact of Ohio's savings statute, Ohio Revised Code § 2305.19. *Id.* The court explained that the savings statute only applies "when the original suit and the new action are substantially the same." *Id.* (quoting *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525, 433 N.E.2d 187 (Ohio 1982)). Because the plaintiffs' federal claims did not expressly assert malpractice claims, they were not "substantially the same" as the state-court action. *Id.* Therefore, the Ohio savings statute did not apply to the plaintiffs' claims.

Ohio's savings statute provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code § 2305.19(A). The Ohio Supreme Court has held that where Ohio's savings statute applies, the date for filing the new action relates back to the filing date for

8

the preceding action for limitations purposes. *Frysinger v. Leech*, 32 Ohio St. 3d 38, 42, 512 N.E.2d 337, 341 (1987) (citing *Lewis v. Connor*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285, 287 (Ohio 1985); *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163-164, 451 N.E.2d 1196, 1198 (Ohio 1983)).

"As a matter of policy, the saving statute is to be liberally construed so that controversies are decided upon important substantive questions rather than upon technicalities of procedure." *Stone v. N. Star Steel Co.*, 152 Ohio App. 3d 29, 35, 786 N.E.2d 508, 512 (Ohio Ct. App. 2003) (citing *Kinney v. Ohio Dept. of Adm. Servs.*, 30 Ohio App.3d 123, 126, 507 N.E.2d 402 (Ohio Ct. App. 1986)). Ohio courts have based their decisions involving the savings statute on "strong policy considerations." *Portee v. Cleveland Clinic Found.*, 80 N.E.3d 556, 560, (Ohio Ct. App. 2017). As one Ohio court has explained, these policy considerations are separate from, but not in conflict with, the policy considerations which govern the statute of limitations:

> The laudable purpose of the statute of limitations is to promote justice by preventing surprise through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared. Since the savings statute is available only to plaintiffs whose actions were timely commenced, such statutes are perfectly consistent with the goals statutes of limitations are designed to serve.

*Id.* (quoting *Kinney*, 507 N.E.2d at 405). Additionally, the savings statute may only be used once, which means that "[t]he statute may not be relied upon to indefinitely keep a cause of action alive." *Id.* (quoting *Seawright v. Zabell*, No. 55323, 1989 WL 42251, *2 (Ohio Ct. App. Apr. 27, 1989).

In several instances, Ohio courts have assumed without any discussion that Ohio's savings statute is applicable to medical malpractice claims. For example, the Ohio Supreme Court has stated: "although the statute of limitations had expired under

9

appellant's original malpractice action brought under R.C. 2305.11[1] when said action was dismissed for failure to prosecute, R.C. 2305.19 provided appellant with another opportunity to revive her cause of action which would have been otherwise time-barred, but for this savings provision." *Saunders v. Choi*, 12 Ohio St. 3d 247, 249, 466 N.E.2d 889, 892 (Ohio 1984); *see also Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337, 341-42 (Ohio 1987) (concluding that Ohio Revised Code § 2305.19 applies in order to save a medical malpractice action dismissed under Ohio Civ. R. 41(A)(1)(a)); *Portee v. Cleveland Clinic Found.*, 80 N.E.3d 556, 560, (Ohio Ct. App. 2017) (holding Ohio Rev. Code § 2305.19 applies to medical malpractice claim dismissed, otherwise than on the merits, in federal court); *Rall v. Arora*, No. 9–12–56, 2013 WL 14005092013, *4 (Ohio Ct. App. 2013) (concluding Ohio Rev. Code § 2305.19 cannot save medical malpractice claims in plaintiffs' third complaint since the savings statute can only be used once). While these courts did not specifically discuss the statute of repose as part of their analysis, one Ohio appellate court has.

In *Wade v. Reynolds*, 34 Ohio App. 3d 61, 517 N.E.2d 227 (Ohio Ct. App. 1986), the defendants argued that Ohio's savings statute did not apply to medical malpractice claims where the refiling occurs outside the four-year period provided in Ohio's statute of repose for medical malpractice claims. The court rejected this argument. The court's analysis was based on Ohio's earlier version of the statute of repose: Ohio Revised Code § 2305.11. The court quoted that applicable language of the statute:

> (B) In no event shall any medical claim against a physician * * * or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action * * * apply to all persons regardless of legal disability

---

[1] Ohio Revised Code § 2305.11 an earlier version of Ohio's current statute of repose, which is now found at Ohio Revised Code § 2305.113.

10

and notwithstanding section 2305.16 of the Revised Code * *

*Id.* at 228. The court explained that Ohio Revised Code § 2305.11 must be viewed in light of its statutory context:

> R.C. 2305.03 through 2305.22 provide a comprehensive scheme of limitations upon the commencement of civil actions. *See* R.C. 2305.03. R.C. 2305.11 is part of that scheme, as is R.C. 2305.19. Division (B) of R.C. 2305.11 provides for a specific exception from this scheme, for the commencement of medical malpractice actions, but only in the instance specifically mentioned-"regardless of legal disability and notwithstanding section 2305.16 of the Revised Code." The circumstances of this case do not, of course, involve the specific exception. Accordingly, there is no basis upon which we should conclude that R.C. 2305.19 does not apply to medical malpractice claims, especially in view of the General Assembly's having failed to include R.C. 2305.19 as a specifically enumerated exception along with R.C. 2305.16, as it easily could have.

*Id.* at 228.

This conclusion is in line with the analysis of similar statutes by three state supreme courts and one federal court of appeals. *See v. Hartley*, 896 P.2d 1049, 1055-56 (Kan. 1995) ("The repose provisions of 60–513(c) are not applicable to defeat the savings clause of 60–518 when the initial action was timely filed, even though the second action is not filed until more than four years after the act which gave rise to the cause of action."); *Cronin v. Howe*, 906 S.W.2d 910, 914-15 (Tenn. 1995) ("where, as here, a medical malpractice action is timely filed, within both the statute of limitations and the statute of repose, a plaintiff who voluntarily non-suits the initial action may rely upon the savings statute and refile within one year of the non-suit, even if the non-suit and the refiling occur beyond the three-year statute of repose."); *Vesolowski v. Repay*, 520 N.E.2d 433 (Ind. 1988) (savings statute operates to save medical malpractice action, as the statute is not an exception to statute of limitations, but merely allows continuation of prior suit filed within statute of limitations); *Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 303 (7th Cir.

1996) (analyzing Illinois law and concluding that there is "no reason why the Illinois Supreme Court would exclude the medical malpractice statute of repose from operation of [the Illinois savings statute] in any of these situations where the defendant knows the action exists."). These courts have all held that a savings statute does apply to save a cause of action otherwise barred by a medical malpractice statute of repose.

In support of its argument that Ohio's savings statute does not apply in this case, Defendants rely on the only state supreme court to hold that a state savings statute does not apply to save a claim subject to the medical malpractice statute of repose. In *Wright v. Robinson*, 426 S.E.2d 870 (Ga. 1993), the Supreme Court of Georgia explained: "The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists." *Id.* at 872. To determine whether Georgia's savings statute contemplated actions "extinguished by the statute of repose or only those barred by a statute of limitation," the court turned to the plain language of the statues and the sequence of their adoption. *Id.* The court explained that the latter consideration was important "[b]ecause we presume the legislature enacts all statutes with knowledge of the existing laws, we construe the language of the statute of repose considering the preexisting dismissal and renewal statutes. Consequently, the provisions of the statute enacted latest in time carry greater weight." *Id.* The court noted that Georgia's savings statute had been in effect since 1847; and the state's statutes of repose were enacted in 1985. *Id.* The court also noted that the statute of repose stated "*in no event* may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." *Id.* (emphasis in original). From this, the court determined that "[b]oth logic and the plain language of the

12

statutes lead us to conclude that the legislature never intended for the dismissal and renewal statutes to overcome the statute of repose." *Id.*

In contrast to the "in no event" language found in Georgia's statute of repose, Ohio's current formulation of the statute of repose begins with specific exceptions: "Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section . . ." Ohio Rev. Code § 2305.113(C). The Court notes that the current version of Ohio's statute of repose first became effective on April 11, 2003, *see* 2002 Ohio Laws File 250 (S.B. 281), but Ohio has had a savings statute in place since 1953. According to the Supreme Court of Georgia's decision in *Wright*, this sequence would dictate that greater weight should be given to the statute of repose. However, the Seventh Circuit in analyzing Illinois law noted:

> The argument, however, reveals little about legislative intent because it could just as easily cut the other way. The Illinois legislature, aware of the savings statute when drafting the statute of repose, could have expressly excepted the savings statute in Section 212(b). In *Wade, supra*, the Ohio appeals court found it significant that the legislature failed to expressly except the savings statute in the text of the statute of repose where it had excepted another provision in the statute of repose. 517 N.E.2d at 228. Section 212(b) is similar: it expressly excepts Section 13–215 fraudulent concealment from operation of the statute of repose. The legislature apparently knew how to write exceptions into Section 212(b), but failed to except the savings statute. Because the district court's argument could cut either way regarding legislative intent, it is not persuasive.

*Hinkle*, 85 F.3d at 304. This Court agrees with this analysis from the Seventh Circuit. The express exceptions, or lack thereof, say little about legislative intent. As Defendants point out, a similar statute of repose for product liability claims does specifically make an

exception for the savings statute.[2]  Defendants argue that a lack of an exception in the statute of repose for medical actions demonstrates that § 2305.19 does not save medical actions from the statute of repose in § 2305.113(C).  However, the Court notes that in 2009, the legislature added the following language to Ohio's savings statute:

> (C) This section does not apply to an action or proceeding arising under section 2106.22, 2107.76, 2109.35, 2115.16, 5806.04, or 5810.05 of the Revised Code.

2009 Ohio Laws File 13 (Sub. S.B. 106).  These exceptions apply to certain estate and trust proceedings.  Arguably, the legislature could have included the statute of repose for medical actions in this list of exceptions.

Rather than place weight on these provisions, the Court turns to the purposes of the statute of repose for medical actions.  The Ohio Supreme Court has explained the policy considerations made by Ohio's General Assembly in enacting the statute of repose for medical actions:

> Just as a plaintiff is entitled to a meaningful time and opportunity to pursue a claim, a defendant is entitled to a reasonable time after which he or she can be assured that a defense will not have to be mounted for actions occurring years before.  The statute of repose exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation.
>
> Forcing medical providers to defend against medical claims that occurred 10, 20, or 50 years before presents a host of litigation concerns, including

---

[2]The products-liability statute of repose provides:

Except as otherwise provided in divisions (C)(2), (3), (4), (5), (6), and (7) of this section or in section 2305.19 of the Revised Code, no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

Ohio Rev. Code § 2305.10 (C)(1).

14

the risk that evidence is unavailable through the death or unknown whereabouts of witnesses, the possibility that pertinent documents were not retained, the likelihood that evidence would be untrustworthy due to faded memories, the potential that technology may have changed to create a different and more stringent standard of care not applicable to the earlier time, the risk that the medical providers' financial circumstances may have changed—i.e., that practitioners have retired and no longer carry liability insurance, the possibility that a practitioner's insurer has become insolvent, and the risk that the institutional medical provider may have closed.

*Ruther v. Kaiser*, 983 N.E.2d at 296. Therefore, the two purposes of the statute of repose are "to eliminate indefinite potential liability and to give defendants greater certainty and predictability." *See Hinkle*, 85 F.3d at 303. Ohio's savings statute does not undermine the first goal. The savings statute does not expose defendants to indefinite liability. At the most, the savings statute would extend the statute of repose by one year. With regards to the second purpose, the Seventh Circuit explained:

> While "saving" a cause of action for one year does not effect the indefiniteness of potential liability, it does change the certainty and predictability afforded defendants; however, this is true only where the defendant is unaware that the first action was filed. Where the defendant knows that plaintiff has brought an action, usually from receiving service, he must be presumed to understand that a procedural defect in the action may cause a delay of up to one year pursuant to the savings statute. In such a case, his level of certainty and predictability is no less than in any other litigated matter, and the purpose of the statute of repose is still realized.

*Id.* (citation omitted). The Court agrees with this reasoning, and concludes that Ohio Revised Code § 2305.19(A) does apply to "save" Plaintiff's claims in this instance.

### III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants Abubakar Atiq Durrani, MD and Center For Advanced Spine Technologies, Inc.'s Motions for Summary Judgment (Docs. 93, 94, 95, 96, 97, 98, 99, 100, 101, 102) are **DENIED**;

2. Defendants Abubakar Atiq Durrani, MD and Center For Advanced Spine Technologies, Inc.'s Amended Motions for Summary Judgment regarding the claims of Plaintiff Carol Ross (Doc. 103) are **DENIED**;

3. Defendants UC Health and West Chester Hospital, LLC's Motion for Judgment on the Pleadings on all Claims against all Plaintiffs except Carol Ross (Doc. 104) is **DENIED**;

4. Defendants UC Health and West Chester Hospital, LLC's Motion for Partial Judgment on the Pleadings as to Plaintiff Carol Ross (Doc. 235) is **DENIED;** and

5. Defendants UC Health and West Chester Hospital, LLC's Conditional Motion for an Order Certifying State Law Question to the Supreme Court of Ohio. (Doc. 250), which was joined by Defendants Abubakar Atiq Durrani, MD and Center For Advanced Spine Technologies, Inc. (Doc. 262) is **DENIED**.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         JUDGE MICHAEL R. BARRETT