UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Atwood, *et al.*,

    Plaintiffs,

    v.                                            Case No. 1:16cv593

UC Health, *et al.*,                              Judge Michael R. Barrett

    Defendants.

## **OPINION & ORDER**

This matter is before the Court upon Defendants Abubakar Atiq Duranni, M.D., and Center for Advanced Spine Technology, Inc.'s ("CAST") Renewed Motion for Summary Judgment under Fed. R. Civ. P. 56 or Reconsideration (Doc. 966); Plaintiffs' Response in Opposition (Doc. 970); and Defendants' Reply (Doc. 972).

### **I.**  **BACKGROUND**

Plaintiffs are the former patients of Defendant Durrani.[1] Durrani performed surgery on Plaintiff Christopher Atwood on September 22, 2010. (Doc. 568, PAGEID 22827). Durrani last performed surgery on Plaintiff Jennifer Hickey on September 2, 2010. (Doc. 74, PAGEID 3177). Plaintiffs maintain that the surgeries were negligent, unnecessary and fraudulent. Plaintiff Atwood filed claims against Durrani and CAST on May 9, 2014 in the Butler County Court of Common Pleas. Plaintiff Hickey filed her claims against Durrani and CAST on April 15, 2013 in the Butler County Court of Common Pleas.

---

[1] There are a total of ten plaintiffs in this matter. Eight of the plaintiffs have already proceeded to trial on their claims. The jury trial of the claims of Plaintiffs Atwood and Hickey is set to begin on July 7, 2021.

On November 25, 2015, Plaintiffs voluntarily dismissed the cases filed in the Butler County Court of Common Pleas. These lawsuits were then re-filed in the Hamilton County Court of Common Pleas on May 2, 2016. The case was removed to this Court on May 31, 2016. Plaintiffs bring claims for negligence; battery; lack of informed consent; intentional infliction of emotional distress; fraud; spoliation of evidence; vicarious liability; negligent credentialing, hiring, retention and supervision; violation of the Ohio Consumer Sales Practices Act ("OCSPA"); and violation of Ohio Revised Code § 2923.32. Plaintiff maintains that CAST is vicariously liable for the harm caused by Durrani because Durrani was employed by CAST.

Defendants previously filed a motion for summary judgment in which they argued that Plaintiffs' claims are barred by Ohio's medical malpractice statute of repose, Ohio Revised Code § 2305.113(C). This Court denied the motion and held that Ohio's savings statute, Ohio Revised Code § 2305.19(A), applied to save Plaintiffs' claims. (Doc. 568, PAGEID 22840, 2018 WL 3956766, *8 (S.D. Ohio Aug. 17, 2018)). However, subsequently, in *Wilson v. Durrani*, 2020 WL 7636010, 2020-Ohio-6827 (Ohio Dec. 23, 2020), the Supreme Court of Ohio ruled that the savings statute does not save medical claims when the statute of repose applies.

Defendants maintain that in light of *Wilson*, Plaintiffs' claims are barred by the statute of repose. Plaintiffs respond that Ohio's flight statute, Ohio Revised Code § 2305.15, tolls time periods under the statute of repose when a defendant is out of the state, absconds, or conceals himself/herself. Plaintiffs explain that Durrani fled to Pakistan in November 2013 and he has not returned to Ohio since that time. Defendants have not presented any evidence to the contrary. Therefore, according to Plaintiffs, the

statute of repose has been tolled since Durrani departed from Ohio in 2013, and remains tolled until this day.

## II. ANALYSIS

### A. Standard of Review

This Court's initial denial of summary judgment was not a final judgment. *See* Fed. R. Civ. P. 54(b) ("[A]ny order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Therefore, the "strictures" of Federal Rule 59(e) do not apply here. *See Cameron v. Ohio*, 344 F. App'x 115, 117-18 (6th Cir. 2009) (citing *Russell v. GTE Gov't Sys. Corp.*, 141 Fed.Appx. 429, 436 (6th Cir. 2005)). Instead, Defendants' motion is effectively a renewed motion for summary judgment and this Court is "free to reconsider or reverse its decision for any reason." *Id*. (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir.1995)).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In reviewing a summary judgment motion, courts are required to view the facts and draw all

reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

### B. Statue of Repose

Ohio's statute of repose provides that "[n]o action upon a medical . . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim." Ohio Rev. Code § 2305.113(C)(1). However, Plaintiffs argue that Durrani's flight from the country in November 2013 tolls the statute of repose. Plaintiff relies on Ohio Revised Code § 2305.15(A), which states:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

This Court has had the opportunity to address Plaintiff's argument in a case involving a medical claim brought by another former patient of Durrani. In *Landrum v. Durrani*, this Court held that Ohio Revised Code § 2305.15(A) tolls the limitations period contained in Ohio Revised Code 2305.113(C). Case No. 1:18-cv-807, 2020 WL 3512808 at *4 (S.D. Ohio Mar. 25, 2020) (Dlott, J.). Other decisions from this Court in similar litigation against Durrani have reached the same conclusion. *Stidham v. Durrani*, Case No. 1:18-CV-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (Black, J.); *Mahlenkamp v. Durrani*, Case No. 1:18-cv-817, 2021 WL 2012939 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Sterling v. Durrani*, Case No. 1:18-cv-802, 2021 WL 2013012 at *3

(S.D. Ohio May 19, 2021) (Black, J.); *Powers v. Durrani*, Case No. 1:18-cv-788, 2020 WL 5526401 at *1 (S.D. Ohio Sep. 15, 2020) (McFarland, J.). In addition, the Sixth Circuit has upheld § 2305.15(A) as constitutional when applied to toll the one-year statute of limitations in Ohio Revised Code § 2305.113(A). *See Garber v. Menendez*, 888 F.3d 839, 840 (6th Cir. 2018) (explaining that "[t]he clock stopped when Dr. Menendez left Ohio for Florida and stayed stopped when he chose to retire there"), *cert. denied*, 139 S. Ct. 1261 (2019).

This Court again concludes that the statute of repose is tolled during the time Durrani was "out of the state, has absconded, or conceal[ed] [him]self." Because less than four years elapsed between Plaintiffs' September 2010 surgeries and Durrani's November 2013 flight, the statute of repose does not time-bar Plaintiff's medical claims against Durrani.

Plaintiff argues that statute of repose is also tolled as to CAST because Durrani's flight from Ohio is attributable to CAST as his employer and because Durrani was acting on behalf of CAST. (Doc. 970, PAGEID 35644-35645) (citing *Tausch v. Riverview Health Inst.*, 187 Ohio App. 3d 173, 182, 931 N.E.2d 613, 620 (Ohio Ct. App. 2010)). However, this Court already rejected this same argument in *Landrum*. On a motion for reconsideration, this Court concluded that Durrani's flight does not toll the statute of repose as applied to CAST. As this Court explained:

> Plaintiffs argues that, because Durrani's abscondment to Pakistan tolled the statute of repose as to Durrani, the statute of repose should also be tolled for Plaintiff's vicarious liability claim against CAST. In support of this claim, Plaintiff cites *Tausch v. Riverview Health Institute*, 187 Ohio App. 3d 173, 2010-Ohio-502, 931 N.E.2d 613. The court in Tausch concluded that when a statute of limitations is tolled for a doctor, related vicarious liability claims are also tolled. However, the court limited its ruling to tolling due to a continuing relationship with the physician. The court reasoned in Tausch

5

that it would be unreasonable to require a plaintiff to commence a suit against a hospital alleging negligence by a physician while still being treated by that physician. This reasoning applies only to tolling due to a continuing patient-physician relationship. Therefore, as that case is inapposite here, the Court again concludes that the statute of repose bars Plaintiff's claims against CAST.

*Landrum v. Durrani*, Case No. 1:18-CV-807, 2020 WL 3501399, at *4 (S.D. Ohio June 29, 2020); *see also Luse v. Durrani*, Case No. 1:18-CV-851, 2021 WL 2012937, at *3 (S.D. Ohio May 19, 2021) (rejecting argument that Durrani's flight tolls the statute of repose for the hospital where the plaintiff's surgery was performed). Similarly, in this case, the reasoning of *Tausch* does not apply. Therefore, Plaintiff's claim for vicarious liability against CAST is DISMISSED. However, all other claims against CAST remain pending.[2]

### III. CONCLUSION

Defendants Abubakar Atiq Duranni, M.D., and CAST's Renewed Motion for Summary Judgment under Fed. R. Civ. P. 56 or Reconsideration (Doc. 966) is **GRANTED in PART** and **DENIED in PART**. Plaintiffs' claims for vicarious liability against Defendant CAST is **DISMISSED** but Defendants' Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

                                                                */s/ Michael R. Barrett*
                                                             JUDGE MICHAEL R. BARRETT

---

[2]This Court has previously concluded that Plaintiff's claims for negligent hiring, retention and supervision, fraud and violation of the Ohio Consumer Sales Protection Act are "medical claims" within the meaning of meaning of § 2305.113(C). *See Stidham v. Durrani*, No. 1:18-CV-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (citing *Landrum*, 2020 WL 3512808 at *5); *Levandofsky v. Durrani*, No. 1:18-CV-809, 2020 WL 5535872, at *5 (S.D. Ohio Feb. 26, 2020), *report and recommendation adopted*, No. 1:18-CV-809, 2020 WL 5531396 (S.D. Ohio Sept. 15, 2020). However, Defendants have not made that argument here, so the Court will not address it at this time.