UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Atwood, *et al.*,

    Plaintiffs,

    v.                                              Case No. 1:16cv593

UC Health, *et al.*,                            Judge Michael R. Barrett

    Defendants.

## **OPINION & ORDER**

This matter is before the Court upon Defendants Abubakar Atiq Duranni, M.D., and Center for Advanced Spine Technology, Inc.'s ("CAST") Motion for Reconsideration, New Trial under Fed. R. Civ. R. P. 59, or Relief from Judgment under Fed. R. Civ. P. 60 (Doc. 967); Plaintiffs' Response in Opposition (Doc. 971); and Defendants' Reply (Doc. 973).

### **I.   BACKGROUND**

Plaintiffs are the former patients of Defendant Durrani.[1] Durrani performed surgery on Plaintiff Rebekah Brady in August 2010; Robert Houghton in July 2010 and August 2010; Paul Markesberry[2] in October 2010; Carol Ross in August 2010 and December 2012; Michael Sander in July 2010, September 2010 and December 2010; David Shempert in September 2010; and Richard Stanfield in August 2010. (Doc. 568, PAGEID 22827-22828). Plaintiffs maintain that Durrani and CAST were negligent. Plaintiffs first

---

[1]There are a total of ten plaintiffs in this matter. Eight of the plaintiffs proceeded to trial in 2018. The jury found in favor of seven of the plaintiffs but concluded that the claims brought by Hiram McCauley were barred by the statute of limitations. (Doc. 757-6). Because judgment has been entered in favor of Durrani and CAST against McCauley (Doc. 760), it is unnecessary to address Defendants' Motion relative to McCauley.

[2]Sharon Howard brings the claims on behalf of the estate of Paul Markesberry.

filed claims against Durrani and CAST between July of 2013 and May of 2014 in the Butler County Court of Common Pleas.

On November 25, 2015, Plaintiffs voluntarily dismissed the cases filed in the Butler County Court of Common Pleas. These lawsuits were then re-filed in the Hamilton County Court of Common Pleas on May 2, 2016. (Doc. 4, PAGEID 748-750). The case was removed to this Court on May 31, 2016.

Defendants previously filed a motion for summary judgment in which they argued that Plaintiffs' claims are barred by Ohio's medical malpractice statute of repose, Ohio Revised Code § 2305.113(C). This Court denied the motion and held that Ohio's savings statute, Ohio Revised Code § 2305.19(A), applied to save Plaintiffs' claims. (Doc. 568, PAGEID 22840, 2018 WL 3956766, *8 (S.D. Ohio Aug. 17, 2018)). However, subsequently, in *Wilson v. Durrani*, 2020 WL 7636010, 2020-Ohio-6827 (Ohio Dec. 23, 2020), the Supreme Court of Ohio ruled that the savings statute does not save medical claims when the statute of repose applies.

Defendants maintain that in light of *Wilson*, Plaintiffs' claims are barred by the statute of repose and seek reconsideration of this Court's ruling on their motion for summary judgment. Plaintiffs respond that Ohio's flight statute, Ohio Revised Code § 2305.15, tolls time periods under the statute of repose when a defendant is out of the state, absconds, or conceals himself/herself. Plaintiffs explain that Durrani fled to Pakistan in November 2013 and he has not returned to Ohio since that time. Defendants have not presented any evidence to the contrary. Therefore, according to Plaintiffs, the statute of repose has been tolled since Durrani departed from Ohio in 2013 and remains tolled until this day.

The Court has already addressed these same arguments with respect to Plaintiffs Paul Markesberry, Jr. and Carol Ross. (Doc. 1059, PAGEID 37507). However, for sake of completeness, the Court will rule upon the issue as to the remaining plaintiffs.

## II. ANALYSIS

### A. Standard of Review

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). There are three grounds for amending a judgment under Rule 59: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The Court presumes that Defendants' motion is based upon and "intervening change in controlling law" based on the arguments made in Defendants' motion.

### B. Statue of Repose

Ohio's statute of repose provides that "[n]o action upon a medical . . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim." Ohio Rev. Code § 2305.113(C)(1). However, Plaintiffs argue that Durrani's flight from the country in November 2013 tolls the statute of repose. Plaintiff relies on Ohio Revised Code § 2305.15(A), which states:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the

3

state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

This Court has had the opportunity to address Plaintiffs' argument in a case involving a medical claim brought by another former patient of Durrani.  In *Landrum v. Durrani*, this Court held that Ohio Revised Code § 2305.15(A) tolls the limitations period contained in Ohio Revised Code 2305.113(C).  Case No. 1:18-cv-807, 2020 WL 3512808 at *4 (S.D. Ohio Mar. 25, 2020) (Dlott, J.).  Other decisions from this Court in similar litigation against Durrani have reached the same conclusion.  *Stidham v. Durrani*, Case No. 1:18-CV-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (Black, J.); *Mahlenkamp v. Durrani*, Case No. 1:18-cv-817, 2021 WL 2012939 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Sterling v. Durrani*, Case No. 1:18-cv-802, 2021 WL 2013012 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Powers v. Durrani*, Case No. 1:18-cv-788, 2020 WL 5526401 at *1 (S.D. Ohio Sep. 15, 2020) (McFarland, J.).  In addition, the Sixth Circuit has upheld § 2305.15(A) as constitutional when applied to toll the one-year statute of limitations in Ohio Revised Code § 2305.113(A).  *See Garber v. Menendez*, 888 F.3d 839, 840 (6th Cir. 2018) (explaining that "[t]he clock stopped when Dr. Menendez left Ohio for Florida and stayed stopped when he chose to retire there"), *cert. denied*, 139 S. Ct. 1261 (2019).

This Court again concludes that the statute of repose is tolled during the time Durrani was "out of the state, has absconded, or conceal[ed] [him]self."  Because less than four years elapsed between Plaintiffs' July, August and October 2010 surgeries and Durrani's November 2013 flight, the statute of repose does not time-bar Plaintiffs' medical claims against Durrani.

4

Plaintiffs argue that statute of repose is also tolled as to CAST because Durrani's flight from Ohio is attributable to CAST as his employer and because Durrani was acting on behalf of CAST. (Doc. 971, PAGEID 35665-35666) (citing *Tausch v. Riverview Health Inst.*, 187 Ohio App. 3d 173, 182, 931 N.E.2d 613, 620 (Ohio Ct. App. 2010)). However, this Court already rejected this same argument in *Landrum*. On a motion for reconsideration, this Court concluded that Durrani's flight does not toll the statute of repose as applied to CAST. As this Court explained:

> Plaintiffs argues that, because Durrani's abscondment to Pakistan tolled the statute of repose as to Durrani, the statute of repose should also be tolled for Plaintiff's vicarious liability claim against CAST. In support of this claim, Plaintiff cites *Tausch v. Riverview Health Institute*, 187 Ohio App. 3d 173, 2010-Ohio-502, 931 N.E.2d 613. The court in Tausch concluded that when a statute of limitations is tolled for a doctor, related vicarious liability claims are also tolled. However, the court limited its ruling to tolling due to a continuing relationship with the physician. The court reasoned in Tausch that it would be unreasonable to require a plaintiff to commence a suit against a hospital alleging negligence by a physician while still being treated by that physician. This reasoning applies only to tolling due to a continuing patient-physician relationship. Therefore, as that case is inapposite here, the Court again concludes that the statute of repose bars Plaintiff's claims against CAST.

*Landrum v. Durrani*, Case No. 1:18-CV-807, 2020 WL 3501399, at *4 (S.D. Ohio June 29, 2020); *see also Luse v. Durrani*, Case No. 1:18-CV-851, 2021 WL 2012937, at *3 (S.D. Ohio May 19, 2021) (rejecting argument that Durrani's flight tolls the statute of repose for the hospital where the plaintiff's surgery was performed). Similarly, in this case, the reasoning of *Tausch* does not apply. Therefore, Plaintiffs' negligence claim against CAST is DISMISSED.

### III. CONCLUSION

Defendants' Motion for Reconsideration, New Trial under Fed. R. Civ. R. P. 59, or Relief from Judgment under Fed. R. Civ. P. 60 (Doc. 967) is **GRANTED in PART** and

5

**DENIED in PART**.  Plaintiffs' claim for negligence against Defendant CAST is **DISMISSED** but Defendants' Motion is **DENIED** in all other respects.

    **IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                          JUDGE MICHAEL R. BARRETT